IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALEB D., | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 4:23-CV-136-JFJ |
| MARTIN J. O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Caleb D. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disability benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.      General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological

---

[1] Effective December 20, 2023, pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion [is not sufficient] to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national

economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.    Procedural History and the ALJ's Decision

Plaintiff, then a 28-year-old male, applied for Title II disability insurance benefits and Title XVI supplemental security income benefits on September 28, 2020, alleging a disability onset date of November 1, 2019. R. 17, 303-312. Plaintiff claimed he was unable to work due to conditions including post-traumatic stress disorder ("PTSD"), panic disorder, anxiety disorder, depression, reactive airway disease, and asthma. *See* R. 355. Plaintiff's claims for benefits were denied initially on December 23, 2020, and on reconsideration on May 25, 2021. R. 89-176. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted a telephone hearing on December 13, 2021. R. 46-88. The ALJ issued a decision on August 30, 2022, denying benefits and finding

Plaintiff not disabled because he could perform other work existing in the national economy. R. 17-38.  The Appeals Council denied review, and Plaintiff appealed.  R. 1-6; ECF No. 2.

The ALJ found Plaintiff's date last insured will be December 31, 2025.  R. 19.  At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity during the fourth quarter of 2019 and first quarter of 2020, but Plaintiff had not thereafter engaged in substantial gainful activity.  R. 19-21.  At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety, asthma, and PTSD.  R. 21.  The ALJ found his impairments of borderline intellectual functioning, headaches, and hypoglycemia to be non-severe.  R. 21-23.  At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments.  R. 23-25.  In assessing Plaintiff's mental impairments under the "paragraph B" criteria, the ALJ found that Plaintiff had mild limitations in the areas of (1) understanding, remembering, or applying information and (2) adapting or managing oneself; and he had moderate limitations in the areas of (1) interacting with others and (2) concentrating, persisting, or maintaining pace.  R. 24-25.

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels, with the following nonexertional limitations:

> no concentrated exposure to humidity, wetness, dust, odors, fumes and pulmonary irritants or extremes of cold and heat.  He is limited to simple, routine tasks and make simple work related decisions that I define as svp 1 or svp 2 type jobs.  He can have occasional interactions with coworkers and supervisors but no interaction with the public as part of the job.  He can deal with routine changes in the work place setting commensurate with unskilled work and make simple work related decisions.

R. 25-26.  At step four, the ALJ found that Plaintiff was unable to perform past relevant work. R. 36.  Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five

that Plaintiff could perform the unskilled jobs of Production assembler, Marker, and Office helper. R. 36-37. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"), and that portions of his testimony were based on his professional experience. R. 37. Based on the VE's testimony, the ALJ concluded these positions existed in significant numbers in the national economy. *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled through the date of decision.

**III.     Issue**

Plaintiff raises one point of error in his challenge to the denial of benefits – that the ALJ's mental RFC is not supported by substantial evidence. ECF No. 9.

**IV.     Analysis – ALJ's RFC Is Supported by Substantial Evidence**

Plaintiff argues that the ALJ's RFC, which included a limitation of "occasional interactions with coworkers and supervisors but no interaction with the public as part of the job" (R. 26), insufficiently accounted for Plaintiff's social impairments. Specifically, Plaintiff contends the ALJ erred when he found "somewhat persuasive" the RFC findings of agency psychologists Bruce Lochner, Ph.D., and William H. Farrell, Ph.D., yet failed to adopt each of their findings regarding social limitations. *See* R. 103, 121 (Dr. Lochner mental RFC), R. 147, 171 (Dr. Farrell mental RFC on reconsideration).

Dr. Lochner and Dr. Farrell found that Plaintiff should be limited to the following RFC: "Mental [medically determinable impairment] does not preclude the claimant from adapting to a work situation where claimant is expected, at maximum, to perform 3 to 4 step repetitive tasks with routine supervision and relate to others on a superficial work basis." R. 103, 121, 147, 171. In the decision, the ALJ provided a lengthy analysis of these agency findings, concluding they are "somewhat persuasive to support the claimant should be limited to simple routine tasks and simple

5

work related decisions consistent with svp 1 or 2 jobs." R. 35. However, the ALJ found no limitation to a specific number of tasks supported, and he found Plaintiff should be limited to no contact with the general public "based upon the claimant's ongoing anxiety and PTSD symptoms." *Id.* The ALJ further explained this limitation of no public contact was "necessary based upon his increased anxiety related to his past work and dealing with customers (testimony)." *Id.*

The ALJ additionally found that Plaintiff should be limited to "occasional interactions with co-workers and supervisors because of his anxiousness." *Id.* The ALJ explained that, despite his anxiousness, Plaintiff "consistently presented for treatment as cooperative and calm with good concentration and grossly intact memory." *Id.* (citing R. 1136, 1148, 1169). The ALJ found Plaintiff had "appropriate behavior," has "been able to work for years," "is able to go out in public as supported by his ability to present at the ER and in public at stores," and "presents for treatment independently." *Id.* (citing R. 354-362, 379-386, 401-408, 429-436, 699-731, 798-816, 1117). The ALJ also noted that the decisional RFC limitations considered Plaintiff's psychiatrist's notation that "due to his depressive symptoms and significant anxiety, it was likely that PTSD also has led to more general alterations in mood and cognition." *Id.* (citing R. 1139).

In his briefing, Plaintiff contends "[t]he ALJ credited the entirety of the RFC established by" Dr. Lochner and Dr. Farrell "regarding coworker and supervisor interaction," yet inexplicably failed to adopt their limitation of "superficial" interaction. ECF No. 9 at 12. Plaintiff argues the ALJ was required to explain his reasons for translating the agency reviewers' "superficial" interaction limitation into an "occasional" interaction limitation, but erroneously failed to do so. Even though the ALJ's decision plainly stated he found the agency findings only "somewhat persuasive," Plaintiff contends the ALJ "only disagreed with the physicians regarding the type of

6

tasks [Plaintiff] could perform." ECF No. 9 at 4.  As a result, Plaintiff argues remand is required for a new assessment of the agency opinions, the RFC, and the available step-five jobs.

Plaintiff's arguments fail.  The ALJ found Dr. Lochner and Dr. Farrell's findings only "somewhat persuasive," and the ALJ adequately explained his reasons for limiting Plaintiff to occasional social interactions and no contact with the general public.  Contrary to Plaintiff's argument, the ALJ did not credit the agency mental opinions "without qualification" regarding social interaction.  *See* ECF No. 9 at 6.  Instead, the ALJ explained that the decisional RFC incorporated a limitation of "occasional interaction with co-workers and supervisors" because of Plaintiff's anxiousness, and a limitation of "no contact with the general public" because of Plaintiff's ongoing anxiety and PTSD symptoms.  R. 35.

The ALJ cited the evidence he relied on in creating the RFC social limits, which Plaintiff acknowledges in briefing.  ECF No. 9 at 7.  Plaintiff nonetheless contends that the ALJ's stated reasons do not contradict the findings of Dr. Lochner and Dr. Farrell regarding social impairments.  However, Plaintiff fails to elaborate how the ALJ's discussion is improper, or how the ALJ's record citations do not constitute substantial evidence.  Plaintiff only asks the Court to re-weigh the evidence, which is not permitted.  *See Hackett*, 395 F.3d at 1172; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (explaining that the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo") (quotation and alterations omitted).[2]

---

[2] Plaintiff additionally argues the ALJ's alleged RFC error would be harmful, because a "superficial" interaction limitation would preclude the step-five jobs. ECF No. 9 at 7-14. Because the Court identifies no error in the RFC, the Court does not reach these arguments.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED.**

**SO ORDERED** this 20th day of March, 2024.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**